UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ARLINTHIA WHITE, Individually and as Personal Representative of the Estate of Derrick Ford, Deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK GERARDOT, in his Individual Capacity,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　CASE NO. 1:05-CV-382<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

On February 20, 2007, Defendant Mark Gerardot filed a "Motion to Compel Deposition Dates from Attorney Robert Giroux; Motion to Be Relieved from Complying with Local Rule 30.1; and Motion to Amend Discovery Plan" (Docket # 78), which included a request to take depositions in excess of the six permitted under the Court's scheduling order. (Docket ## 12-13.) The Court held a hearing regarding the motion on February 21, 2007. (Docket # 82.) Because good cause exists for modifying the scheduling order, Gerardot's motions will be GRANTED, subject to the conditions delineated in this Order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of January 10, 2004, Fort Wayne Police Detective Mark Gerardot shot and killed Derrick Ford outside of a VFW. This incident led Ford's mother, Arlinthia White, to sue Gerardot under 42 U.S.C. § 1983, claiming that Gerardot used excessive force in violation of Ford's Fourth and Fourteenth Amendment rights.

During the course of discovery, vastly different eye-witness accounts of the incident have been uncovered, raising factual disputes regarding whether Ford was armed when Gerardot shot

him, whether Ford appeared to be armed, or whether Ford was unarmed and with his hands up when he was shot. In an effort to explore these differing eye-witness accounts, Gerardot requests leave to take depositions in excess of the six deposition limit she agreed to under the Court's scheduling order. (Docket ## 12-13.) Specifically, Gerardot seeks to depose seven fact witness in addition to the four depositions his counsel has already taken.

At the hearing, White's counsel objected to these additional depositions, maintaining that there is little time left between now and the trial scheduled for April 17, 2007, that Gerardot's counsel could have taken these depositions long ago, and that these witnesses add nothing to the inquiry.

## II. DISCUSSION

Under Rule 16(b) of the Federal Rules of Civil Procedure, a "schedule shall not be modified except upon a showing of good cause." Moreover, the Court must consider Gerardot's request for leave to take additional depositions in light of the stated principles of Federal Rule of Civil Procedure 26(b)(2). *Andamiro U.S.A. v. Konami Amusement of Am., Inc.*, No. CV00-8561, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001) (citing *Express One Int'l v. Sochata*, No. 3-97 CV 3121-M, 2001 WL 363073, at *2; *Siegel v. Truett-McConnell Coll., Inc.*, 13 F. Supp. 2d 1335, 1337 (N.D. Ga. 1994)). Specifically, the Court must consider whether:

> (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

2

In light of these factors, the Court will now examine Gerardot's request as it pertains to the seven fact witness he wishes to examine. In short, while Gerardot will not be permitted to depose ShaDonna Cloyd and Vett Waller, the Court will grant Gerardot leave to depose Carolyn Bolden, Cheynne Williams, Emma Woods, Kanetha Taylor, and Patrick Myers.

Gerardot first requests leave to take the deposition ShaDonna Cloyd, who is Ford's sister and ostensibly has some knowledge of Ford's work history. Cloyd, however, was not at the VFW at the time of the incident; furthermore, White's counsel indicated at the hearing that White is not going to advance a claim for economic damages. Accordingly, because any information Cloyd possesses regarding this case is likely to have little or no benefit to either party, *see* Fed. R. Civ. P. 26(b)(2)(C)(iii), Gerardot will not be permitted to take Cloyd's deposition.

Although Gerardot initially wanted to depose Vett Waller, who allegedly saw Ford with a gun on the night of the shooting, Gerardot's counsel indicated at the hearing that she no long seeks to take Waller's deposition. Therefore, we deem the request to take Waller's deposition withdrawn.

Gerardot would like to depose Carolyn Bolden, who ostensibly indicated to federal agents that she removed a gun from Ford's possession after he was shot. As Bolden is ostensibly the only eye witness who can testify that she removed a gun from Ford, this information is not unreasonably cumulative or duplicative; it also cannot be obtained from some other source that is more convenient, less burdensome, or less expensive; and is obviously of great importance to Gerardot in resolving the issue of whether Ford was armed when Gerardot shot him. *See* Fed. R. Civ. P. 26(b)(2)(C). Accordingly, Gerardot will be allowed to depose Bolden.

The fourth fact witness that Gerardot wishes to depose is Cheynne Williams, who was shot outside of the VFW before Gerardot shot Ford. Both parties anticipate that Williams will testify that some other man, not Ford, shot him. This information is not unreasonably cumulative or duplicative; cannot be obtained from some other source that is more convenient, less burdensome, or less expensive; and could be important to resolving the issue of whether Gerardot reasonably believed that Ford's actions placed him, or others in the immediate vicinity, in imminent danger of death or serious bodily injury. *See* Fed. R. Civ. P. 26(b)(2)(C). Accordingly, Gerardot will be allowed to depose Bolden.

Gerardot also seeks to depose Emma Woods and Kanetha Taylor, who were listed by White as potential witnesses in her pre-trial disclosures. At the hearing, Gerardot's counsel indicated that the subject matter of their testimony is unknown; therefore, good cause exists to take these depositions so that Gerardot can explore what their testimony will be at trial.

Finally, Gerardot seeks to depose Patrick Myers, whose affidavit was submitted by White in opposition to Gerardot's motion for summary judgment. (Docket # 28.) Myers indicated in his affidavit that he witnessed the incident outside the VFW, specifically stating that "Officer Gerardot shot [Ford] twice, then yelled 'freeze' and shot approximately two to three more times." (Aff. of Patrick C. Myers ¶ 5.) Because Myers is an eye-witness to the shooting, his information is highly important to resolving the issue of whether, as Gerardot maintains, Ford ignored his multiple commands to surrender. *See* Fed. R. Civ. P. 26(b)(C)(iii). Furthermore, this information is not unreasonably cumulative or duplicative and cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Therefore, Gerardot may depose Myers.

## IV. CONCLUSION

For the foregoing reasons, Gerardot's "Motion To Compel Deposition Dates from Attorney Robert Giroux; Motion To Be Relieved from Complying with Local Rule 30.1; and Motion To Amend Discovery Plan" (Docket # 78) is GRANTED. Gerardot is relieved of the six-deposition limit set forth in the scheduling order, but he may only depose the following fact witnesses: Carolyn Bolden, Cheynne Williams, Emma Woods, Kanetha Taylor, and Patrick Myers. Moreover, Gerardot can depose these witnesses provided that each deposition is limited to one hour and provided further that all five deposition should be scheduled, if possible, serially on the same day to accommodate White's out-of-town counsel.[1] In addition, both parties are relieved of the fourteen day notice requirement under Local Rule 30.1, conditioned upon counsel working cooperatively to agree on times and dates for depositions.

SO ORDERED.

Enter for February 22, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Gerardot is also granted leave to depose White's three expert witnesses. *See Andamiro U.S.A.*, 2001 WL 535667, at *2 ("Assuming, *arguendo*, that experts are included in Rule 30's broad application to "any person," the court's Rule 26(b)(2) analysis leads to the conclusion that it should grant leave for plaintiff to take the four expert depositions.") These opinions could not be discovered from other sources; therefore, the discovery sought is not duplicative or unreasonably cumulative. *See* Fed. R. Civ. P. 26(b)(2)(C)(I). In addition, the expense of taking the experts' depositions will be borne by Gerardot. *See* Fed. R. Civ. P. 26(b)(4)(C). Finally, it is crucial for Gerardot to have this information, and the benefit of this discovery vastly outweighs the burden or expense to White. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).