**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ARLINTHIA WHITE, Individually and as Personal Representative of the Estate of Derrick Ford, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 1:05-CV-382 |
| v. | ) ) | |
| MARK GERARDOT, in his Individual Capacity, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on certain objections filed by Plaintiff and Defendant to the Court's proposed preliminary jury instructions submitted to counsel for discussion at the September 4, 2008, interim pretrial conference. (Docket # 148.) Defendant's objections (Docket # 154) take issue with one sentence of Preliminary Instruction No. 3 and one sentence of Preliminary Instruction No. 4 (Docket # 154), while Plaintiff poses an objection to one sentence of Preliminary Instruction No. 4 (Docket # 155).[1] For the reasons provided, Defendant's objections will be sustained and the Instructions modified as explained in this Opinion and Order; Plaintiff's objection, however, will be overruled.

**Preliminary Instruction No. 3**

Proposed Preliminary Instruction No. 3 states: "Officer Gerardot denies Plaintiff's allegations and asserts that his actions were objectively reasonable based upon the facts and circumstances known to him at the time of the shooting." Defendant requests that, for purposes

---

[1] At the interim pretrial conference, Plaintiff's counsel spoke of a second objection to Preliminary Instruction No. 4 but that objection has now been withdrawn. (Docket # 155.)

of clarification, the sentence be changed to: "Officer Gerardot denies that he used excessive force and claims that he acted in self-defense. Officer Gerardot asserts that his actions were objectively reasonable based upon the facts and circumstances known to him at the time of the shooting."

Plaintiff has not objected to Defendant's proposed change, and the Court is agreeable to Defendant's proposed language. Therefore, Defendant's objection to Preliminary Instruction No. 3 will be sustained, and the Instruction will be modified as requested by Defendant.

**Preliminary Instruction No. 4**

The fifth paragraph of Preliminary Instruction No. 4 states: "You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now." Defendant points out that Derrick Ford was never arrested and thus requests that this sentence be changed to: "You must make this decision based on what the officer knew at the time he decided to use force, not based on what you now know."

Plaintiff does not specifically oppose Defendant's request. Instead, she anticipates a dispute between the information that was available to Officer Gerardot and what he actually admits to knowing at the time of the shooting. Therefore, Plaintiff proposes that this sentence be modified as follows: "You must make this decision based on what the officer knew at the time of the arrest, based on the information that was available to him, not based on what you know now." (*See* Pl.'s Objections to the Ct.'s Prelim. Instructions at 1-2 (citing *Sherrod v. Berry*, 856 F.2d. 802, 804-805 (7th Cir. 1988) (citing *Lester v. City of Chicago*, 830 F. 2d 706 (7th Cir. 1987))).)

Defendant disputes Plaintiff's suggested language, asserting that "[t]he information

*known to the officer* is the only information that is relevant in determining whether the force used was reasonable." (Def.'s Resp. to Pl.'s Objections to the Ct.'s Prelim. Instructions at 2.) Defendant's assertion is well taken, as ultimately the jury must judge the reasonableness of Officer Gerardot's actions based upon "an examination and weighing of the information Officer [Gerardot] possessed immediately prior to and at the very moment he fired the fatal shot." *Sherrod*, 856 F.2d at 804-05; *see also Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) ("What is important is the amount and quality of the information known to the officer at the time he fired the weapon when determining whether the officer used an appropriate level of force."). In fact, this portion of the Court's Preliminary Instruction No. 4 is consistent with Federal Civil Jury Instructions of the Seventh Circuit No. 7.09, which states "You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now."

In sum, the Court will sustain Defendant's objection to Preliminary Instruction No. 4 and will modify it accordingly, except that the word "shooting," in lieu of Defendant's proposed language, will be substituted for "arrest".[2] Therefore, Preliminary Jury Instruction No. 4 will read: "You must make this decision based on what the officer knew at the time of the shooting, not based on what you know now." Plaintiff's objection will be overruled.

## Conclusion

Defendant's Objections to the Court's Preliminary Instructions (Docket # 154) are

---

[2] Defendant's formulation suggests that the critical time is when Gerardot "decided to use force," but that may, or may not, coincide with the actual use of force, the shooting, so the Court has adopted a version consistent with Federal Civil Jury Instructions of the Seventh Circuit No. 7.09.

SUSTAINED, and the Preliminary Jury Instructions will be modified in accordance with the terms herein; Plaintiff's Objections (Docket # 155) are OVERRULED. The revised Preliminary Instructions will be filed on the record forthwith. SO ORDERED.

Enter for the 29th day of September, 2008.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge