# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ARLINTHIA WHITE, as Personal Representative of the Estate of Derrick Ford, Deceased | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CAUSE NO. 1:05-CV-382 |
| MARK GERARDOT, in his Individual Capacity, | ) ) ) ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court[1] are four motions in limine (Docket # 184, 186, 188, 190) filed by Plaintiff Arlinthia White seeking to preclude all or part of the opinions of Defendant Mark Gerardot's expert witnesses. Defendant responded on the merits to Plaintiff's motions (Docket # 211-12, 222-23) and also moved to strike them (Docket # 196), contending that they were actually untimely-filed *Daubert* motions. Plaitniff filed replies to each of the motions in limine (Docket # 237-40), but declined to file a reply to her motion to strike.

Argument on the motion was heard at the hearing conducted on October 24, 2008. For the reasons stated on the record, the Court DENIED Defendant's motion to strike and GRANTED in part and DENIED in part Plainitiff's four motions in limine. This Opinion and Order supplements and summarizes those rulings.

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

### A. Motion to Strike

Defendant seeks to strike all four of Plaintiff's motions in limine filed October 1, 2008, regarding Defendant's experts, contending that the motions are actually untimely *Daubert* motions. Defendant emphasizes that Plaintiff filed the motions approximately three months after the July 14, 2008, deadline for *Daubert* motions and that Defendant is prejudiced at this late stage. In response, Plaintiff denies that her motions raise *Daubert* challenges and states that she simply seeks to limit the testimony of Defendant's witnesses "in precisely the same manner that her experts' testimony has been limited." (Pl.'s Resp. in Opp'n to Def.'s Mot. to Strike 6.)

Defendant's motion to strike will be DENIED. *See generally N. Ind. Metals v. Iowa Exp., Inc.*, No. 2:07-CV-404-PRC, 2008 WL 2756330, at *4 (N.D. Ind. 2008) (emphasizing that a motion to strike "is generally not favored, is viewed as a 'drastic' remedy, and is infrequently granted" (citation omitted)). This Court will review Plaintiff's arguments on the merits to the extent they constitute motions in limine. And, as to any *Daubert* issues, "[t]he Supreme Court in *Daubert* stressed the trial judge's obligation to act as a gatekeeper to ensure that expert testimony is reliable." *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 800 (N.D. Ill. 2005). "That goal is of such obvious and transcendent importance that judges act *sua sponte* to prohibit testimony that does not pass muster under *Daubert*." *Id.* (citing *O'Connor v. Commonwealth Edison Co.*, 13 F.3d 1090, 1094 (7th Cir. 1994)).

### B. Motions in Limine

1. Nature of an Order In Limine

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). "Federal district courts have

the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

2. <u>Plaintiff's Motion in Limine to Exclude Opinions of William J. Lewinski, Ph.D. (Docket # 184)</u>

Dr. Lewinski, Defendant's expert in police psychology, opines that Gerardot faced a real, imminent threat; reasonably believed that he had to shoot immediately to defend himself; was correct in believing that Ford was a lethal threat to him; and that Gerardot focused on what he believed to be important during the encounter. Plaintiff seeks to exclude all of Dr. Lewinski's opinion, arguing that Dr. Lewinski's opinion attempts to bolster Gerardot's credibility to the jury

and improperly intrude upon the province of the jury.[2]

This Court will apply similar limitations to Dr. Lewinski that it applied to Kenneth Katsaris, Plaintiff's police procedure expert, for the same reasons articulated in this Court's Opinion addressing Katsaris. (*See* Docket # 157.)  Therefore, the following testimony by Dr. Lewinski will be precluded: (1) any opinion that Gerardot actually identified Ford as a threat; (2) any opinion that Gerardot reasonably believed he had to shoot immediately to defend himself; and (3) any opinion that Gerardot was correct, from an action/reaction perspective, in believing that Ford was a lethal threat to him.  These are impermissible legal conclusions, attempt to bolster Gerardot's credibility, and improperly invade the province of the jury.

However, Dr. Lewinski may testify about what a reasonable police officer would consider to be an "appearance of threat" and may testify about a reasonable officer's action and reaction time with a weapon under the circumstances presented.

3. Plaintiff's Motion In Limine to Exclude Portions of Opinion of Scott A. Wagner, M.D. (Docket # 186)

Plaintiff also seeks to exclude portions of the opinion of Dr. Wagner, Defendant's expert in forensic pathology.  In addition to offering opinions on four gunshot wounds, Dr. Wagner opines that the position of Ford's body in the crime scene photographs was likely manipulated by bystanders or the snowbank upon which he fell and that the crime scene was adulterated.  He also suggests that the black soot-like material on the back of Ford's right hand could be gunpowder and that Ford could have been holding a weapon while turning toward Gerardot.

---

[2] Curiously, after adamantly asserting that her motion is not a *Daubert* motion, Plaintiff challenges Dr. Lewinski's qualifications.  Not only is Plaintiff's argument disingenuous, but it is also devoid of merit.  Plaintiff does not challenge the qualifications of Defendant's other three expert witnesses.

4

Plaintiff argues that Dr. Wagner's opinion that the position of Ford's body was likely manipulated by bystanders or the snowbank is speculative, as well as irrelevant to whether Gerardot used reasonable force. Plaintiff further argues that Dr. Wagner's suggestion that the black soot-like material on Ford's hand is gunpowder is not admissible absent any evidence or testing, arguing that Dr. Wagner's opinion inappropriately attempts to bolster Gerardot's credibility and invades the ultimate issue that the jury must decide.

Dr. Wagner's opinion that Ford's body position was likely manipulated by bystanders or the snowbank or that the crime scene was adulterated is admissible, as Dr. Wagner based this opinion on his examination of the crime scene photographs, the wound tracks, and the manner in which Ford should have fallen. Plaintiff's objection goes more toward the weight of the evidence, not its admissibility. *See, e.g., Loeffel Steel Prods.*, 372 F. Supp. 2d at 1119-20. Furthermore, this opinion is relevant to whether Ford was turning and whether his hands were in the air at the time of the shooting. Likewise, Dr. Wagner's opinion that Ford began to turn with his hands near waist level when Geradot shot him is admissible, just as this Court will allow Dr. Spitz, Plaintiff's forensic pathologist, to testify that Ford was raising his left hand in the air.

However, this Court will preclude Dr. Wagner from testifying that "the wounds on the body strongly support Detective Gerardot's account of the incident, and the subsequent investigation," as this Court precluded a similar opinion by David Balash, Plaintiff's ballistics expert. This opinion improperly bolsters Geradot's credibility and invades the province of the jury. *Sonnier v. Field*, No. 2:05-cv-14, 2007 WL 576655, at *4 (W.D. Pa. Feb. 21, 2007); *Richman v. Sheahan*, 415 F. Supp. 2d 929, 941-44 (N.D. Ill. 2006).

Likewise, we will preclude Dr. Wagner's testimony that the black, soot-like material on

5

Ford's hand was not studied for the presence of gunpowder, as this improperly refers to the post-incident investigation, which is irrelevant. *Sherrod v. Berry*, 856 F.2d 802, 804-05 (7th Cir. 1988); *Sonnier*, 2007 WL 576655, at *4; *McKinney v. Duplain*, No. 1:04-cv-294, Entry for Jan. 10, 2008 (S.D. Ind.). In addition, we will preclude any testimony by Dr. Wagner that Ford had a black, soot-like material on his hand, as under Federal Rule of Evidence 403 the probative value of this evidence absent laboratory studies identifying the material, is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury.

    4. <u>Plaintiff's Motion In Limine to Exclude Portions of Opinions of Darrell L. Ross, Ph.D. (Docket # 188)</u>

Plaintiff next seeks to exclude portions of the opinion of Dr. Ross, Defendant's expert in law enforcement procedure. Dr. Ross opines that Gerardot used objectively reasonable force, that he responded prudently and followed proper police procedure, that Ford's actions required Gerardot to use lethal force to protect himself; that Gerardot had probable cause to form a belief that he was about to be shot by Ford; that the circumstances presented a dangerous, uncertain and rapidly tense situation; that Gerardot's actions were consistent with FWPD's policies and procedures; and that FWPD did not abdicate its responsibility to train Gerardot.

Plaintiff contends that Dr. Ross's report draws impermissible legal conclusions, relays credibility findings to the jury, and speaks to issues that are ultimately reserved to the jury. More succinctly, Plaintiff argues that Dr. Ross's testimony should be limited in the same manner as Katsaris's opinion, Plaintiff's expert in law enforcement procedure.

This Court will apply similar limitations to Dr. Ross that it applied to Katsaris for the same reasons articulated in this Court's Opinion addressing Katsaris. (*See* Docket # 157.) Therefore, the following testimony by Dr. Ross will be precluded; (1) any opinion that Gerardot

reasonably concluded that Ford was the individual who fired shots into the crowd; (2) any opinion that Gerardot's conduct was reasonable under the circumstances presented or that his actions were consistent with proper police procedure; and (3) any opinion with respect to FWPD's post-shooting investigation.

However, Dr. Ross, like Katsaris, may testify about the proper police procedure to be employed under the circumstances facing Gerardot on the night of the shooting. That is, Dr. Ross may state what the policy is and what a reasonable police officer would do, but *not* whether Gerardot followed the policy or acted reasonably.

5. <u>Plaintiff's Motion In Limine to Exclude Portions of Opinions of Robert Genna, M.S. (Docket # 190)</u>

Finally, Plaintiff seeks to exclude portions of the opinion of Robert Genna, Defendant's forensic scientist and crime scene expert. Genna opines that Ford's body was moved by several people after he fell to the ground and that he "sustained all of his injuries while his upper torso was in a crouched or bent forward position, lower left arm downward, and he was turning with his body to the left."

Plaintiff argues that Genna's opinion that Ford's body was moved by several people after he fell to the ground is speculative, as well as irrelevant to whether Gerardot used reasonable force. She further argues that Genna's opinion about Ford's position when he was shot attempts to bolster Gerardot's credibility and invades the province of the jury.

This Court will apply similar limitations to Genna that it applied to Balash, Plaintiff's firearm examiner and forensic science consultant, and Dr. Spitz, Plaintiff's forensic pathologist, for the same reasons articulated in this Court's Opinions addressing Balash and Dr. Spitz. (Docket # 151, 157.) Therefore, we will allow Genna's opinion that Ford "sustained all of his

7

injuries while his upper torso was in a crouched or bent forward position, lower left arm downward, and he was turning with his body to the left" as Genna based this opinion on his examination of the crime scene photographs, the wound tracks, and the manner in which Ford should have fallen.

Nonetheless, we will preclude Genna's opinion that Ford's body was touched or moved by several people after he fell to the ground, as he fails to point to *any* evidence to support or explain this statement in his expert report. *Zenith Elecs. Corp. v. WH-TV Broad. Corp*., 395 F.3d 416, 419-20 (7th Cir. 2005) ("An expert who supplies nothing but a bottom line supplies nothing of value to judicial process.").

### C. Conclusion

For the foregoing reasons, Defendant's motion to strike Plaintiff's four motions in limine concerning Defendant's experts (Docket # 196) is DENIED. Plaintiff's four motions in limine with respect to Defendant's experts (Docket # 184, 186, 188, 190) are each GRANTED in part and DENIED in part according to the terms set forth in this Opinion and Order.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for October 24, 2008.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge