UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ARLINTHIA WHITE, Individually and as Personal Representative of the Estate of Derrick Ford, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 1:05-CV-382 |
| v. | ) ) | |
| MARK GERARDOT, in his Individual Capacity, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This matter is before the Court[1] on the several motions in limine Plaintiff Arlinthia White filed on October 1, 2008. (Docket ## 160, 162, 164, 166, 168, 170, 174, 176, 178, 180, 182.) Briefing was completed on the motions in limine on October 22, 2008. Oral argument was heard on October 24, 2008. For the reasons provided, some of White's motions in limine will be GRANTED, and some will be GRANTED in part and DENIED in part.[2]

### I. NATURE OF AN ORDER IN LIMINE

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

[2] This Opinion and Order assumes the reader is familiar with the factual and legal background of this case.

nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## II. WHITE'S MOTIONS IN LIMINE

### A. *Motion in limine to preclude the admission of any and all information relating to the training of Officer Gerardot*

White's motion in limine to preclude the evidence of Officer Gerardot's training, awards, service citations, and letters of commendation (Docket # 160) is GRANTED for the reasons stated on the record at the October 24, 2008, hearing. *See* Fed. R. Evid. 401, 402, 403.

Despite the lack of relevance concerning this evidence, Gerardot maintains that the evidence is relevant on the question of whether punitive damages should be awarded and the amount. In short, Gerardot asserts that the jury should consider his training and commendable history to negate an award of punitive damages. This evidence is not something the jury needs to consider, however, as it is not a factor as catalogued by either the United States Supreme

2

Court in *Pacific Mutual Life Ins. v. Haslip*, 499 U.S. 1 (1991), or the Seventh Circuit Court of Appeals in its pattern jury instructions, *see Federal Civil Jury Instructions of the Seventh Circuit* 7.24 (2005). Accordingly, this evidence of Gerardot's good acts and training would be a waste of time, would lead to jury confusion, and would distract the jury from the proper consideration of the nature of punitive damages – that is, to punish and deter. *See* 3 Martin A. Schwartz, *Section 1983 Litigation: Federal Evidence* §13.06(B)(6) (4th ed. 2007).

### *B. Motion in limine to exclude miscellaneous, extraneous documents, forms, and worksheets*

White's motion in limine to exclude various documents, forms, and worksheets (Docket # 162), is GRANTED, subject to the following:

White's motion in limine to exclude Officer Linski's request for a lab exam and the certificate of analysis by the Indiana state police of the four shell casings from Gerardot's handgun is GRANTED, until such time as Gerardot demonstrates that the request and analysis have some relevance to the location of the shell casings after the shooting.

White's motion in limine to exclude the Business Health Services urinalysis report for Gerardot is also GRANTED, provided that if an inference is raised that Gerardot was impaired or under the influence of some substance at the time of the shooting, the report may, upon application, be used in rebuttal.

White's motion in limine to exclude documents concerning post-shooting searches (*i.e.*, Betty Gates's consent to search form, Harmeyer's and Walter's narrative reports, Alicia Peggins's consent to search form, a fingerprint exam of firearms found at 4707 Winter Street, and Christopher Kizzier's narrative report regarding Dana Jones), and the items seized (*e.g.*, firearms, shell casings), is GRANTED under Federal Rule of Evidence 401 and 403 for the

reasons stated on the record at the October 24, 2008, hearing.

White's motion in limine to exclude the death investigation worksheet by Dick Alfeld (listed as Exhibit 90 in the Pretrial Order) and the death investigation worksheet (listed as Exhibit 101) is also GRANTED, at least until the Court is made aware of the contents of these reports and their proffered relevance.

### C. Motion to preclude Ford's jail records, school records, Department of Family Services records, and drug court records

Now that White has conceded that she is not seeking hedonic damages or damages for loss of love and companionship, this evidence has little if any probative value, and any value that such evidence does possess is substantially outweighed by the danger of undue prejudice. Fed. R. Evid. 401, 403. Consequently, White's motion (Docket # 164) is GRANTED.

### D. Motion in limine to preclude the admission into evidence of Fort Wayne Police Department police shootings and in-custody deaths

Because Gerardot filed no response and therefore seemingly does not object to White's motion in limine to exclude this evidence, White's motion in limine (Docket # 166) will be GRANTED.

### E. Motion in limine to exclude Dana Jones, Sr.'s letter to Judge Surbeck

White's motion to exclude Dana Jones, Sr.'s letter to Judge Surbeck about his plea agreement (Docket # 168) will be GRANTED. The letter does not appear to qualify as a prior inconsistent statement under Federal Rules of Evidence 613 or 801(d)(1)(A), and it also does not appear to be admissible under Rule 608(b). In any event, this evidence has little probative value concerning Jones's character and truthfulness given that it likely will result in a drawn-out explanation from Jones concerning his plea, the charge, what he meant in his letter, and the

4

efficacy of his state court guilty plea colloquy – in short, a needless waste of time and practically a trial within a trial. Fed. R. Evid. 403.

### F. *Motion in limine to preclude from evidence the black hooded jacket, a mug shot of Derrick Ford, and various photographs of witnesses*

White's motion in limine to exclude a black hooded jacket and various photographs (Docket # 170) will be GRANTED.

White's unopposed motion in limine to exclude a black hooded jacket is GRANTED; the actual jacket Ford wore at the time of the shooting is already listed as an exhibit.

White's motion to exclude a mug shot of Ford, taken during an unrelated incident, is also GRANTED, as Gerardot has not demonstrated how this piece of evidence is relevant. Fed. R. Evid. 401 and 403.

White's motion to exclude photographs of Dana Jones, Sr., and Cordelius Rodgers, is GRANTED. Nevertheless, if Jones claims at trial, as he allegedly did in his deposition, that he does not know Rodgers, this evidence may have probative impeachment value and may be admissible, provided, however, that the Court will first examine the photographs outside the presence of the jury. Fed. R. Evid. 403.

White's motion to exclude the photographs of Ford's witnesses is GRANTED. Gerardot wishes to admit these pictures because, he argues, they show the witnesses flashing gang signs, which would demonstrate that they are biased against the police. *See, e.g., Aguilar v. Dixon*, No. 93 C 1936, 1995 WL 319621, at *6 (N.D. Ill. May 25, 1995); *see also United States v. Abel*, 469 U.S. 45 (1984) (holding that evidence of gang membership and tenets were sufficiently probative to warrant admission); *United States v. Lewis*, 910 F.2d 1367, 1372 (explaining that evidence of gang membership is admissible for purposes of impeachment, to show bias, and to explain

5

parties' actions). However, Gerardot has not designated an expert to testify that the photographs in fact depict gang signs, and thus their admission without such a foundation would likely be prejudicial and lead to jury confusion or speculation. Fed. R. Evid. 403. Furthermore, since the Court has not seen the photographs, and would not admit them until they are examined outside the presence of the jury, the Court cannot fully weigh their probative value or prejudicial effect. *See United States v. Westbrook*, 125 F.3d 996, 1007 (7th Cir. 1997) (acknowledging "the powerful nature" of gang affiliation evidence such that the court is required to carefully consider the admissibility of such evidence).

### G. Motion in limine to preclude admission of or reference to findings, conclusions, and verdict of the coroner, the Fort Wayne Police Internal Affairs Department ,and the Prosecutor's office

White's unopposed motion in limine (Docket # 174) is GRANTED with respect to this evidence.

### H. Motion in limine to preclude admission of depositions, videotaped police interviews, and the homicide interview of Gerardot

As explained in this section, White's motion in limine to preclude admission into evidence of various depositions and police interviews (Docket # 176) is GRANTED in part and DENIED in part.

White's motion to preclude admission of the depositions of the various witnesses is GRANTED in that they will not be exhibits that accompany the jury when they retire to deliberate on their verdict. However, to the extent the depositions show a prior inconsistent statement, they may be used for purposes of impeachment in accordance with Federal Rule of Evidence 613 and as substantive evidence under Federal Rule of Evidence 801(d)(1)(A).

White's motion to preclude admission of her own deposition testimony, however, is

DENIED, because under Federal Rule of Civil Procedure 32(a)(3), the deposition of a party may be used for any purpose. The deposition itself will not go to the jury room with the jury when they retire to deliberate on their verdict.

White's motion to preclude the admission of the videos of the police interviews of the witnesses is GRANTED, provided that Gerardot may impeach the witnesses' testimony with any prior inconsistent statements they may have made during the interviews, Fed. R. Evid. 613, and subject to the issuance of an appropriate limiting instruction.

White's motion to exclude Gerardot's homicide interview is GRANTED, provided, however, that Gerardot may show that it contains a prior consistent statement admissible for the limited purpose of rebutting an express or implied charge of recent fabrication under Federal Rule of Evidence 801(d)(1)(B).

### I. *Motion in limine to preclude admission of the officers' narrative reports*

At this juncture, White's motion in limine (Docket # 178) is GRANTED. Presumably, the narrative reports may ultimately be admissible, at least in part, under Federal Rule of Evidence 803(8), although certain hearsay statements within the reports may need to be redacted. Without having an opportunity to rule in the context of the trial, the admissibility of the documents and the prejudicial effect of the imbedded statements cannot be ascertained. Counsel are directed to confer in an effort to reach a stipulation concerning suitable redactions.

### J. *Motion in limine to exclude evidence of events occurring prior to and after Gerardot shot Ford which were unknown to him and police officers at the time of the shooting*

Plaintiff's motion in limine to exclude evidence of the events before and after the shooting (Docket # 180) will be GRANTED.

White first seeks to exclude evidence of events that happened at the VFW before the

shooting, about which Officer Gerardot had no knowledge. Gerardot largely does not oppose this part of the motion but argues that he should be allowed to offer eyewitness testimony that Ford did have a gun, to the extent it corroborates Gerardot's personal knowledge. The motion in limine does not go to that testimony and therefore to the extent it is limited to what Gerardot did not know, it is GRANTED.

White also seeks to preclude the admission of a lab report indicating that Ford had consumed some alcohol that evening and had a blood alcohol level .05%. Gerardot argues that this evidence shows that Ford's judgment was impaired at the time of the incident and is relevant to show that "the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life." *Saladino v. Winkler*, 609 F.2d 1211, 1214 (7th Cir. 1979). Unlike the plaintiff in *Saladino*, however, Ford was not legally intoxicated, *see, e.g.*, Ind. Code 9-30-5-1 (defining operating a vehicle while intoxicated as driving with a blood alcohol content of at least .08%), and Gerardot has not proffered an expert who could testify that a person's judgment would be meaningfully impaired with a blood alcohol content of .05%. Although evidence that Ford had consumed alcohol might have some slight probative value as it arguably gave him a motive to flee or challenge Gerardot (since his alcohol consumption apparently violated his drug court agreement), that is too speculative a reason given the counter-balance under Rule 403; entering into a discussion of White's drug court involvement and alleged violation would be time-consuming and overwhelmingly prejudicial given the limited issues in this case.

As noted earlier, evidence about or evidence derived from post-shooting searches are irrelevant, and even if somehow deemed relevant, the prejudicial effect clearly outweighs any

8

probative value. Fed. R. Evid. 403.

Finally, White moves to exclude the 911 tapes, which purportedly contain reports that several shots were fired near the VFW on January 10, 2004. White's motion is GRANTED, until the Court has had an opportunity to hear the tapes outside the presence of the jury and can assess their relevance and admissibility within the context of the trial.

### K. *Motion in limine to exclude prior bad acts Derrick Ford; Patrick Myers; Kevin Tinsley; Javon Thomas; Dana Jones, Sr.; and Dana Jones, Jr.*

White's motion in limine to exclude the prior bad acts of Ford and various witnesses (Docket # 182) will be GRANTED in part and DENIED in part.

1. The Witnesses' Convictions

White objects to admitting into evidence the prior convictions of her witnesses, Patrick Myers; Kevin Tinsley; Javon Thomas; Dana Jones, Sr.; and Dana Jones, Jr. Rule 609(a) provides that evidence of a witness's criminal conviction is admissible, subject to Rule 403, "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . ." Fed. R. Evid. 609(a)(1). Convictions are not admissible "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The Seventh Circuit Court of Appeals has "defined both the starting and ending points for the calculation of Rule 609(b)'s ten-year time limit. The clock starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (citation omitted).

"[T]he end date of the time limit for impeaching convictions is the start of the trial at which the witness is testifying." *Id*. (citation omitted).

Gerardot responded that the witnesses' prior felony convictions are admissible for impeachment. The following felony convictions fall within the ten year time period before the trial: Kevin Tinsley's August 2, 2004, conviction for possession of cocaine or a narcotic drug; Kevin Tinsley's August 26, 2005, conviction for dealing in cocaine, narcotic drug, or methamphetamine; Javon Thomas's October 22, 2004, conviction for dealing in cocaine, a narcotic drug, or methamphetamine; Dana Jones, Sr.'s April 26, 2004, conviction for dealing in cocaine or narcotic drug; Dana Jones Sr.'s March 20, 2006, conviction for operating while intoxicated; Dana Jones, Jr.'s July 18, 2005, conviction for failure to stop after accident resulting in injury or death; Dana Jones, Jr.'s January 23, 2006, conviction for possession of cocaine or narcotic drug; and Dana Jones Jr.'s July 31, 2006, conviction for failure to return to lawful detention. This case hinges on whose version of the facts the jury will believe, making the veracity of the witness testimony central to the case, *see United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997), and consequently any prejudicial effect of admitting these convictions does not outweigh their probative value. White's motion is therefore DENIED and the foregoing convictions are admissible upon an appropriate limiting instruction and for the sole purpose of impeachment.

However, White's motion is GRANTED at this juncture as to Patrick Myers's September 5, 1997, felony conviction for dealing in cocaine or narcotic drugs. His conviction date clearly falls outside the ten year time limit before trial, and Gerardot has not presented evidence that he was in fact released within the last ten years. Accordingly, until Gerardot lays a foundation

demonstrating that Myers was released within Rule 609(b)'s time limit, White's motion is granted.

White's motion is DENIED, however, with respect to Dana Jones, Sr.'s August 5, 2003, false informing conviction. Federal Rule of Evidence 609(a)(2) provides that other criminal convictions may be admissible "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). Jones's false informing conviction involves knowingly reporting false information, *see* Ind. Code § 35-44-2-2(d), and therefore by definition satisfies Rule 609(a)(2)'s requirement of proof of or admission of an act of dishonesty or false statement. As a result, this conviction is admissible under Rule 609(a)(2), subject to an appropriate limiting instruction.[3]

2. The Witnesses' Prior Bad Acts Not Resulting in Conviction

White's motion to exclude the various witnesses' other prior bad acts, such as their arrests, is GRANTED because Gerardot has not shown that any particular prior arrest is relevant. If, however, Gerardot can demonstrate that a particular arrest is relevant to show bias against Gerardot because of his personal involvement in it, then the arrest may be admissible. *See, e.g., Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (finding that evidence of prior arrests were only slightly probative of bias, and excluding plaintiff's arrests

---

[3]To minimize the risk of undue prejudice, Gerardot is limited to submitting into evidence solely the date, charge, and disposition of the convictions. *See, e.g., Charles v. Cotter*, 867 F.Supp. 648, 656 (N.D. Ill. 1994) (concluding that the witness's felony convictions were probative evidence of his credibility and that any prejudicial effect was reduced by limiting the cross-examination "to the crime charged, the date, and the disposition (i.e., guilty or not guilty – not length of sentence) with respect to felony convictions during the past ten years").
  Gerardot mentions in connection with Javon Thomas's October 22, 2004, drug conviction that his probation was subsequently revoked. Gerardot, however, has not identified a basis for admitting evidence of Thomas's probation revocation, and it does not appear to fulfill the requirements of either Rule 608(b) or Rule 609(a). Therefore, until Gerardot lays a proper foundation for the admission of this evidence, Thomas's probation revocation is excluded. Fed. R. Evid. 403.

because one was made by a different police department and the other did not involve the same officers in the case, and excluding the other witnesses' prior arrests because those arrests also did not involve officers in the case).

3. <u>Derrick Ford's Prior Bad Acts</u>

White's motion to exclude evidence of Ford's prior bad acts, such as his convictions, jail records, and drug court records, is GRANTED, as they do not appear relevant to the issues remaining and are otherwise not admissible character evidence to prove motive under 404(b). Moreover, introduction of this evidence, at least on the theory of relevance offered by Gerardot, would be highly prejudicial and should be excluded under Federal Rule of Evidence 403.

### III. CONCLUSION

For the foregoing reasons, some of White's motion in limine (Docket ## 160, 162, 164, 166, 168, 170, 174, 176, 178, 180, 182) are either GRANTED or GRANTED in part and DENIED in part, as set forth in this Order and summarized below.

1) White's motion in limine to preclude from evidence any and all information relating to the training of Officer Gerardot and his awards and service citations (Docket # 160) is GRANTED.

2) White's motion in limine to exclude miscellaneous, extraneous documents, forms, and worksheets (Docket # 162) is GRANTED.

3) White's motion in limine to preclude Ford's jail records, school records, Department of Family Services records, and drug court records (Docket # 164) is GRANTED.

4) White's motion in limine to preclude the admission into evidence of Fort Wayne Police Department police shootings and in-custody deaths (Docket # 166) is GRANTED.

5) White's motion in limine to exclude Dana Jones, Sr.'s letter to Judge Surbeck (Docket # 168) is GRANTED.

12

6) White's motion in limine to preclude the admission of the black hooded jacket, a mug shot of Derrick Ford, and various photographs of witnesses (Docket # 170) is GRANTED.

7) White's motion in limine to preclude admission of or reference to the findings, conclusions, and verdict of the coroner, the Fort Wayne Police Internal Affairs Department, and the Prosecutor's office (Docket # 174) is GRANTED.

8) White's motion in limine to preclude admission into evidence various witness depositions and videotaped police interviews, and the homicide interview of Officer Gerardot (Docket # 176) is GRANTED in part and DENIED in part.

9) White's motion in limine to preclude admission of the officers' narrative reports (Docket # 178) is GRANTED.

10) White's motion in limine to exclude evidence of events occurring prior to and after Gerardot shot Ford which were unknown to him and police officers at the time of the shooting (Docket # 180) is GRANTED.

11) White's motion in limine to exclude prior bad acts of Derrick Ford; Patrick Myers; Kevin Tinsley; Javon Thomas; Dana Jones, Sr.; and Dana Jones, Jr. (Docket # 182) is GRANTED in part and DENIED in part.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court

outside the presence or hearing of the jury.  Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for October 24, 2008.

 S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge