UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ARLINTHIA WHITE, as Personal Representative of the Estate of Derrick Ford, Deceased | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:05-CV-382 |
| MARK GERARDOT, in his Individual Capacity, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court[1] is a motion in limine (Docket # 172) filed October 1, 2008, by Defendant Mark Gerardot. Plaintiff filed a response on October 14, 2008 (Docket # 207), indicating that she has no objection to certain parts of the motion (i.e., paragraphs 1, 2, 3, 6, 7, 8, 9, 13), but does oppose the remainder. A reply was filed on October 20, 2008 (Docket # 225). Argument on the motion was heard at the hearing conducted on October 24, 2008, and the Court GRANTED the motion in part and DENIED it in part for the reasons stated on the record. This Opinion and Order supplements and summarizes those rulings.

### A. *Nature of an Order In Limine*

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v.*

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

*Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change." *Id.*; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence which is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a motion in limine is essentially an advisory opinion, "merely speculative in effect." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

### B. Defendant's Motion In Limine

In his motion, Defendant seeks to preclude the following evidence:

1. Evidence of prior or subsequent claims of wrongs, bad acts, or excessive force by Defendant or other members of the FWPD;

2. Any police officer disciplinary records;

3. Citizen complaints, other excessive force or deadly force lawsuits, or any other claims or lawsuits against Defendant, the City of Fort Wayne or any other members of the FWPD;

4. Evidence regarding the post-shooting investigation;

5. Testimony from witnesses for whom Plaintiff has not provided an address or full

2

name;

6. Evidence of attorney's fees;

7. Reference to settlement negotiations;

8. The denial of Officer Gerardot's motion for summary judgment;

9. References as to whether the City Of Fort Wayne will be paying for any judgment against Officer Mark Gerardot;

10. Any testimony that Officer Mark Gerardot allegedly had a vendetta against Derrick Ford or had prior "run-ins" with Derrick Ford;

11. Any mention of other police liability cases in which Defendant's experts have testified other than for impeachment of a prior inconsistent statement;

12. Any testimony that Derrick Ford allegedly did not have a gun in his possession on January 9th or January 10th, 2004;

13. The fact that Officer Gerardot applied to and was not accepted to certain police departments years prior to the subject shooting; and

14. Rumors that Officer Gerardot is prejudiced, that he harasses people, that he has been involved in other shootings, and that Derrick Ford did not like Officer Gerardot.

As stated *supra,* Plaintiff's counsel does not object to items 1-3, 6-9, and 13, provided Defendant does nothing to "open the door" concerning this evidence. Therefore, Defendant's motion will be granted as to those matters.

Moreover, the Court will grant the following parts of Defendant's motion in limine over Plaintiff's objections:

<u>Paragraph 4</u>. Evidence of the adequacy or competence of the post-shooting investigation by the Fort Wayne Police Department ("FWPD"), including whether FWPD should have performed additional investigation concerning fired bullets, bullet impacts, and the decedent's clothing, is irrelevant under Federal Rule of Evidence 401 (as the Court previously noted in its

3

ruling concerning the testimony of Plaintiff's experts (Docket # 151, 157)).

Furthermore, even if somehow deemed relevant, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice (*i.e.*, Gerardot had no control over, or involvement with, the investigation and should not be tarred by any alleged shortcomings concerning it). And the evidence could lead to a confusion of the issues, which at this point are fairly narrow and straightforward, and correspondingly could mislead the jury if admitted. *See* Fed. R. Evid. 403.

Finally, this evidence should not go to the jury because it would result in undue delay, a waste of time, or the needless presentation of cumulative evidence. *Id*. In short, the Court wishes to avoid the likelihood of a trial within a trial concerning the adequacy and competence of the post-shooting investigation by the FWPD. *See, e.g.*, *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996). Accordingly, the motion in limine will be granted concerning this evidence.

Nonetheless, this Order does *not* preclude the admission of the results of FWPD's investigation of the scene with respect to whether any fired bullets or fired cartridge cases were recovered at the scene on January 10, 2004, and whether there were bullet impacts to the vehicles and the property in the area from the shootings. Whether any fired bullets, fired cartridge cases, or bullet impacts were found on the scene from the shootings that preceded Gerardot's shooting of Ford would arguably serve to either corroborate or discredit Gerardot's telling of the events.

<u>Paragraphs 10 and 14</u>. Although Plaintiff maintains that she has direct evidence that Gerardot had a vendetta against the decedent and that Gerardot had previous run-ins with the decedent or had otherwise harassed him, the Court will grant the motion in limine until the Court hears evidence on this point outside the presence of the jury. This measure will allow the Court

4

an opportunity to assess whether the testimony is based on personal knowledge (as Plaintiff's counsel contends but which Defendant's counsel challenges) under Federal Rule of Evidence 602 and if so, whether it is admissible under Federal Rule of Evidence 403.

Paragraph 11. Defendant's counsel wishes to preclude Plaintiff's counsel from discussing with Defendant's experts any opinions they provided in other police liability cases. The relevance of any such testimony is not readily apparent, Fed. R. Evid. 401, and because it would also likely lead to jury confusion under Federal Rule of Evidence 403, the Court will grant the motion, provided, however, that Plaintiff's counsel is not precluded by this ruling from inquiring whether any of Defendant's experts have testified before or on behalf of Defendant, the City of Fort Wayne, or Defendant's counsel. Fed. R. Evid. 607.

Paragraph 5. The motion seeking to effectively exclude various witnesses will be granted in part as Plaintiff has not disclosed the addresses of some of the listed witnesses: Sterling Daniels, Tonie Robinson, Reggie Sanders, and Calvin [last name unknown]. Otherwise, for the reasons stated on the record at the October 24, 2008, hearing, the motion in limine will be denied.

Paragraph 12. The motion in limine will be denied to the extent it seeks to exclude evidence or testimony that, as revealed by the post-shooting investigation, the decedent did not have a gun in his possession at any time and most importantly, at the time he was shot. It should be remembered that Gerardot testified in his deposition that he thought he saw something in the decedent's hand at the time he shot Ford. (Gerardot Dep. 245.) Thus, this case is different than the case of *Sherrod v. Berry*, 856 F.2d 802, 806-07 (7th Cir. 1988), in which the police officer did not testify that he saw something in the decedent's hand, only that he saw him reach inside his coat, and this prompted the officer to fire. Here, by contrast, Gerardot says that he *did* see

5

something in Ford's hand, thus making the following observation by the Seventh Circuit in *Sherrod* relevant:

> Our holding today should not be interpreted as establishing a black-letter rule precluding the admission of evidence which would establish whether the individual alleging a § 1983 violation was unarmed at the time of the incident. Clearly, the credibility of the witness "can always be attacked by showing that his capacity to observe, remember or narrate is impaired." 3 Weinstein's Evidence ¶ 607[04] p. 607-55. Further, "impeachment by contradiction is a technique well recognized in the federal courts by which specific errors in the witness's testimony are brought to the attention of the trier of fact." *Id*. at ¶ 607[05] p. 607-76. For example, if an officer testifies that "I saw a shiny, metallic object similar to a gun or a dangerous weapon in the suspect's hand," then proof that the suspect had neither gun nor knife would be material and admissible to the officer's credibility on the question of whether the officer saw any such thing (and therefore had a reasonable belief of imminent harm). *See*, *e.g*., *Davis v. Lane*, 814 F.2d 397, 399 (7th Cir. 1987) (wherein we held that the existence of a homemade knife or shank was clearly relevant to the question of the reasonableness of Officer Hull's reaction where Officer Hull thought that he saw the inmate reach for something shiny, perhaps a homemade knife or shank). But, as in this case, if the officer says "I saw the suspect reach quickly for his pocket," then proof of the contents of the pocket does not contradict the officer's testimony. Here, Officer Berry did not testify that he saw an object in Sherrod's coat or in his hand; rather, Officer Berry testified only that he saw Sherrod make a "quick movement with his hand into his coat." Thus, evidence that Sherrod was unarmed is irrelevant for impeachment purposes, and the jury must determine the reasonableness of Berry's actions limited to the facts known to Berry when he acted, no more and no less.

*Sherrod*, 856 F.2d at 806-07.

Therefore, the fact that after the shooting nothing was found in or near Ford's hand (or anywhere in the vicinity of his body for that matter) that would corroborate Gerardot's story (whether it be a gun, a knife, a bottle of beer, or a hamburger) leads to the inference that Ford was unarmed and likewise goes to Gerardot's credibility and the reasonableness of his actions. Accordingly the motion in limine will be denied on this point.

### C. Conclusion

For the foregoing reasons, Defendant's motion in limine (Docket # 172) is GRANTED in part and DENIED in part.

The motion is GRANTED concerning evidence of prior or subsequent claims of wrongs, bad acts, or excessive force by Defendant or other members of the FWPD; any police officer disciplinary records; citizen complaints, other excessive force or deadly force lawsuits, or any other claims or lawsuits against Defendant, the City of Fort Wayne, or any other members of the FWPD; evidence of attorney fees; reference to settlement negotiations; the denial of Officer Gerardot's motion for summary judgement; references as to whether the City of Fort Wayne will be paying for any judgment against Officer Mark Gerardot; and the fact that Officer Mark Gerardot applied to and was not accepted to certain police departments years prior to the subject shooting.

The motion is also GRANTED concerning evidence of the post-shooting investigation, including any investigation of fired bullets, bullet impacts, and the decedent's clothing; any testimony that Officer Gerardot had a vendetta against Ford and had previous run-ins with him or that Officer Gerardot harassed Ford; discussion with Defendant's experts any opinions they may have provided in other police liability cases; and the exclusion of various witnesses for whom Plaintiff provided no addresses.

The motion is DENIED however concerning testimony that the decedent did not have a gun or anything else in his hand at the time he was shot.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution

each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for October 24, 2008.

 S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge